## Commonwealth v. Saylor

David B. Hartman, Assistant District Attorney, for Commonwealth.
Wilbert H. Beachy, III, for defendant.

SHAULIS, J., April 6, 1978—This case is before the court on defendant's appeal of a summary conviction for violation of the compulsory school attendance provisions of the Public School Code of March 10, 1949, P.L. 454, 24 P.S. §§13-1327 and 13-1333.

The parties have stipulated to certain relevant facts, so that the only issue to be resolved by the court is a determination of the extent of a parent's obligation "to send" his child to school. We have found two cases interpreting 24 P.S.§13-1327's provision requiring the parent "to send such child to school," where the courts found the parent has no duty to "insure attendance" at school. See Commonwealth v. Quirk, 71 Schuyl. 58 (1957), and Commonwealth v. Mosteller, 34 D. & C. 2d 711 (Lycoming Co. 1964).

We agree with the analysis of legislative intent and rationale in these two cases and conclude that the Commonwealth must prove that a parent either willfully or negligently failed to send his child to

school in order to subject him to the penalties of 24 P.S. §13-1333. The evidence presented to the court in this case shows that defendant did place his son on the school bus and did nothing either to prevent his attendance or encourage his absence. Finding that this evidence does not satisfy the Commonwealth's burden, we hold the defendant in this case did send his son to school on the days in question and reverse the summary conviction.

We note the Commonwealth's fear that such a holding may leave the school authorities with no remedy in cases where the parent does send the child to school by placing him on a school bus, but the child either does not arrive at school or does not remain at school. Such fear is unjustified, as there are measures which may be taken against the child. We borrow some language from Judge Wood's opinion in Mosteller, supra, on this point:

"While it appears that the active fault in the matter lies with the child, it is possible that school and parental discipline have not been applied fully. If it develops that parental and school disciplinary measures cannot correct the child's conduct effectively, and we feel strongly that vigorous cooperative action should succeed, it is suggested that a petition be filed with the Juvenile Court setting forth that the child is delinquent and in need of control. Prompt action will follow." 34 D. & C. 2d at 712. See also: 24 P.S. §13-1338, and the Juvenile Act of December 6, 1972, P.L. 1464, as amended, 11 P.S. §50-102(4).

## ORDER

Now, April 6, 1978, defendant's appeal is sustained. Defendant is found not guilty; costs on the County of Somerset.